IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
CARVIN L. THOMAS            )
                            )
     v.                     )    NO. 3:05-0635
                            )
WARDEN STEPHEN DODSON,      )
et al                       )
```

TO:  Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered November 1, 2005 (Docket Entry No. 10), the above captioned petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending before the Court is the respondent's motion to dismiss (filed September 26, 2005; Docket Entry No. 6), to which the petitioner has filed a response in opposition (filed October 13, 2005; Docket Entry No. 9).  For the reasons set out below, the Court recommends that the motion to dismiss be granted and this petition for habeas corpus relief be dismissed.

## I. BACKGROUND

The petitioner is an inmate of the Tennessee Department of Correction ("TDOC") currently incarcerated in Whiteville, Tennessee. In February 2002, a jury in Davidson County, Tennessee, found him guilty of one count of especially aggravated robbery, one count of aggravated burglary, one count of especially aggravated kidnapping, one count of unlawful possession of a handgun in a place open to the public, and one count of simple possession of cocaine. For these crimes, the petitioner was sentenced to an effective term of forty (40) years imprisonment.

The petitioner filed a timely direct appeal of his convictions which was denied by the Tennessee Court of Criminal Appeals on May 28, 2003. See Docket Entry No. 11 at Addendum No. 3. The Tennessee Supreme Court subsequently denied petitioner's application for discretionary review. See Docket Entry No. 11 at Addendum No. 5.

The petitioner then pursued collateral relief in the state court by filing a petition for post-conviction relief on October 22, 2004. After an evidentiary hearing, the petition was denied by the trial court on May 11, 2005.[1]

On August 15, 2005, the petitioner submitted the instant petition for federal habeas corpus relief which presents a single ground for relief. He contends that his "dual convictions for aggravated robbery and aggravated kidnapping violated his due

---

[1] There is no indication from the record that the petitioner pursued an appeal from the denial of his petition for post-conviction relief.

2

process rights guaranteed by the Tennessee Constitution and the United States Constitution." <u>See</u> Petition (Docket Entry No. 1) at 3.

## II. MOTION TO DISMISS

By its motion, the respondent asserts that the petitioner has not raised a cognizable claim for federal habeas corpus relief because the claim he asserts is based solely on errors of state law. The respondent contends that:

> [j]ust as he presented his claim to the state court's (sic) as an issue of state law, the petitioner's claim in his § 2254 petition rests solely on the Tennessee Supreme Court's decision in <u>State v. Anthony</u>. That decision did not rely on United States Supreme Court precedent, but instead only established that under state law, separate convictions for robbery and kidnapping may not (sic) be had only after an analysis of whether "the confinement, movement, or detention is essentially incidental to the accompanying felony and is not, therefore, sufficient to support a separate conviction for kidnapping, or whether it is significant enough, in and of itself, to warrant independent prosecution and is, therefore, sufficient to support such a conviction.

<u>See</u> Memorandum of Law (Docket Entry No. 7) at 3-4.

In response, the petitioner contends that he timely appealed his convictions in the state courts and that they failed to correct the abridgement of his rights guaranteed by the United States Constitution. The petitioner contends:

> [a]s such, the State of Tennessee is currently enforcing a law which violates the Double Jeopardy Clause of the Fifth Amendment and which deprives Petitioner of his right to liberty and due process, both guaranteed by the Fifth and Fourteenth Amendments.

3

See Response (Docket Entry No. 9) at 2.[2]

### III. CONCLUSIONS

Upon consideration of the petition, the respondent's motion, the petitioner's reply, and the record, it appears that an evidentiary hearing is not required in this matter. Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules Governing Section 2254 Cases.

28 U.S.C. § 2254(b)(1) provides that an application for a writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted the remedies available in the state courts. Accordingly, it is axiomatic that the petitioner must first have exhausted his state court remedies with respect to his federal claim. Rose v. Lundy, 455 U.S. 509, 510 (1982); Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir. 1985). 28 U.S.C. § 2254(3) provides that "[a] State shall not be deemed to have waived the exhaustion requirement . . . unless the State, through counsel, expressly waives the requirement." In the instant action, the respondent has not expressly waived the exhaustion requirement.

In order to qualify as exhausted, the claim must have been presented to the state's highest court, Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990), and must have been presented in a form which allows the state court a full and fair opportunity to rule on the claim. Justices of Boston Mun. Court v. Lydon, 466 U.S. 294,

---

[2] The Court notes that a claim based on a double jeopardy argument was not raised in the state courts and is mentioned for the first time in the petitioner's response.

4

302-303 (1984); Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990). A claim may only be considered "fairly presented" if the petitioner asserted both a factual and legal basis for his claim in state court. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). Because relief under Section 2254 can only be based upon a violation of the United States Constitution or law or treaties of the United States, the claim must have been presented as an issue of federal constitutional law, not state law. Anderson v. Harless, 459 U.S. 4, 7 (1982). The petitioner must have presented his claim in the state court "as a federal constitutional issue - not merely as an issue arising under state law." Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

In the instant case, the petitioner failed to exhaust his federal claim in the state court proceedings because he failed to present this claim as one of federal constitutional law. The briefs filed for his direct appeal and for his request for discretionary appeal clearly presented the claim only as a matter of state law. No federal constitutional violation was argued and no federal cases were cited. The only legal argument presented in support of the claim was based entirely upon state law cases and there was no mention made of any federal, constitutional claim. Indeed, the appellate briefs specifically state that "this Court should find that the appellant's conviction for especially aggravated kidnapping violates the appellant's right to due process under Article I, Section 8 of the Constitution of the State of

Case 3:05-cv-00635   Document 12   Filed 12/19/05   Page 5 of 7 PageID #: 183

Tennessee and should reverse and dismiss the conviction." See Addendum Nos. 1 and 4, Docket Entry No. 11.[3]

By failing to fairly present the federal constitutional claim alleged in the petition to the state courts, the petitioner committed a procedural default. He, therefore, has waived his claim for the purposes of federal habeas corpus review unless he establishes cause for the default and actual prejudice as a result of the alleged errors. McCleskey v. Zant, 499 U.S 467, 489-90, 493-94 (1991); Wainwright v. Sykes, 433 U.S. 72, 84 (1977). In the absence of a showing of cause and prejudice, the claim should be dismissed unless the petitioner has made a colorable showing that "a fundamental miscarriage of justice" would result if his claim is not heard. McCleskey, 499 U.S. at 494-95. To fall within this narrow exception, the petitioner must show that the alleged violation has probably resulted in the conviction of one who is actually innocent of the crime for which he was convicted. Murray, 477 U.S. at 496; see Schlup v. Delo, 513 U.S. 298, 314-15, 320-23 (1995); Kuhlmann v. Wilson, 477 U.S. 436, 454-55 (1986). "This will be found only in a truly extraordinary case." Felker v. Turpin, 83 F.3d 1303, 1307 (11th Cir. 1996).

There is nothing in the record before the Court which indicates that the petitioner can satisfy either the cause and

---

[3] The petitioner states that he raised other claims for relief in his state petition for post-conviction relief. See Petition (Docket Entry No. 1) at 2-3. However, these claims are not raised in the petition as a ground for relief under Section 2254. Further, it appears that such claims are themselves unexhausted.

6

prejudice requirement or make a showing of a fundamental miscarriage of justice. Accordingly, the petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254 for the claim asserted in his petition.

### R E C O M M E N D A T I O N

Based on the foregoing, the Court respectfully RECOMMENDS that the respondents' motion to dismiss (Docket Entry No. 6) be GRANTED and the above captioned Petition for a Writ of Habeas Corpus be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge