UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARVIN L. THOMAS, | ) |
| Petitioner, | ) |
| v. | ) No. 3:05-0635 |
| | ) Judge Trauger |
| WARDEN STEPHEN DODSON, ET AL., | ) |
| Respondents. | ) |

## MEMORANDUM and ORDER

The Magistrate Judge entered a Report and Recommendation (R&R) on December 19, 2005 recommending that the respondents' motion to dismiss be granted and that the petitioner's petition for a writ of *habeas corpus* be dismissed with prejudice. (Docket Entry No. 12)

### I. STANDARD OF REVIEW

Under Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1), the court is required to make a *de novo* determination of the portions of the Magistrate Judge's recommendations to which objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions.

### II. BACKGROUND

The petitioner, through counsel, raised a single ground for relief in this action, *i.e.*, that his "dual convictions for aggravated robbery and aggravated kidnapping violated his due process rights guaranteed by the Tennessee Constitution and the United States Constitution." (Docket Entry No. 1, ¶ 6, p. 3) In their motion to dismiss, the respondents argued that the petitioner was not entitled to federal *habeas corpus* relief because the petitioner presented his claim solely in context of errors of state law. (Docket Entry No. 7, pp. 3-4)[1] The petitioner filed a response in opposition to the

---

[1] The respondents did not number the pages in the memorandum of law in support of their motion to dismiss. The page numbers referred to are the page numbers assigned by CM/ECF.

respondents' motion to dismiss on October 13, 2005 without directly addressing the respondents' argument in support of their motion to dismiss. (Docket Entry No. 9)

The Magistrate Judge ultimately determined that, because the petitioner failed to present the federal constitutional claim raised in these proceedings in state court, his claim was unexhausted. (Docket Entry No. 12, pp. 4-6) The Magistrate Judge further determined that the claim was procedurally defaulted for purposes of federal *habeas corpus* review. (Docket Entry No. 12, pp. 5-7) The petitioner filed a response in opposition to the R&R on January 4, 2006 arguing that his claim had been exhausted. (Docket Entry No. 13)

### III. ANALYSIS

For a claim to be considered exhausted, the petitioner must have 'fairly presented' to the state courts the 'substance of his federal habeas corpus claim.'" *Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002)(quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982))(internal citations omitted); *see also Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)("[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal courts."). The substance of the claim raised in this court is not the same as the claim that was raised in state court. Specifically, the petitioner couched his due process claim in state court solely in terms of state law – no federal due process grounds were addressed in those proceedings. Accordingly, the petitioner's claim is, at the very least, unexhausted.

As previously noted, the Magistrate Judge also determined that this claim was procedurally defaulted for purposes of federal *habeas corpus* review.[2] However, despite the Magistrate Judge's

---

[2] In the R&R, the Magistrate Judge writes, "By failing to fairly present the federal constitutional claim alleged in the petition to the state courts, the petitioner committed procedural default." (Docket Entry No. 12, p. 6) Although no analysis was presented in the R&R regarding whether the claim was procedurally defaulted for state law purposes, as opposed to being merely unexhausted, a review of the applicable Tennessee law shows that the claim was, in fact, procedurally defaulted for purposes of state review. *See* Tenn Code Ann. §§ 40-30-102; 40-30-117. Thus, the determination that the claim was procedurally defaulted for purposes of federal *habeas corpus* review was correct.

2

clear finding that the petitioner had not established cause and prejudice, or shown that a fundamental miscarriage of justice would occur if his claim were not reviewed, the petitioner made no effort in his response to the R&R – even in the alternative – to establish grounds to excuse the procedural default. Consequently, for the reasons explained in the R&R, the petitioner's claim is procedurally defaulted for purposes of federal *habeas corpus* review.

## IV.  CONCLUSION

Having reviewed the entire record of these proceedings, and for the reasons explained above, the court finds that the Magistrate Judge's conclusions are correct.  Accordingly, the R&R is ACCEPTED and made the findings of fact and conclusions of law of this court.  The petitioner's request for federal *habeas corpus* relief is DENIED and this action is DISMISSED with prejudice.

It is so ORDERED.

Aleta A. Trauger
United States District Judge